# United States District Court

## WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA | **ORDER OF DETENTION** |
| V. | **PENDING TRIAL** |
| **TIMOTHY LANE** | Case Number:   1:05-CR-82 |

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

    ☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).

    ☐ an offense for which the maximum sentence is life imprisonment or death.

    ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____

    ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

☒ (1) There is probable cause to believe that the defendant has committed an offense

    ☒ for which a maximum term of imprisonment of ten years or more is prescribed in  21 U.S.C. § 801 et seq

    ☐ under 18 U.S.C.§924(c).

☒ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

☒ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant is charged with trafficking in drugs while in the Calhoun County Jail. He was being held in that jail on an armed robbery charge which has now been dismissed for reasons unknown. Defendant has previously been convicted of armed robbery and unarmed robbery and a number of lesser offenses. He has twice failed to appear in court, although it is not known whether the resulting bench warrants are still outstanding since this occurred in 1991. It appears that after these failures to appear, which occurred in the Western District of Wisconsin, defendant was sentenced to various jail terms in Michigan and ultimately received 8 to 20 years in prison following his arrest (continued on attachment)

### Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by a preponderance of the evidence that no condition or combination of conditions will assure the presence of the defendant for future court proceedings and by clear and convincing evidence that there are no conditions or combination of conditions which will assure the safety of the community, based upon the unrebutted presumption. While the presumption is easily rebuttable, defendant's record of mental illness, substance abuse, criminal activity including robbery, and his lack of any reliable (continued on attachment)

### Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated:   May 10, 2005

/s/ Hugh W. Brenneman, Jr.

*Signature of Judicial Officer*

Hugh W. Brenneman, United States Magistrate Judge

*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 et seq.); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 et seq.); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

United States v. Timothy Lane
1:05-CR-82
**ORDER OF DETENTION PENDING TRIAL**
Page 2.

**Alternate Findings (B) - (continued)**

in September 1992 for armed robbery.

Defendant has no confirmed residence.  There is reason to believe that he suffers from
manic depression with schizophrenic tendencies, bipolar, attention deficit hyperactivity
disorder and polysubstance dependent, and that he has attempted to commit suicide on 5
to 7 occasions, the most recent in November 2004.  He states he has seen various
psychiatrists throughout his life and is currently prescribed various medications.
Defendant appeared quite emotional at the detention hearing.  He is also apparently
dependent on crack cocaine which he began using when he was 23 years old (he is
presently 41 years old) and last used in December 2004.  (He has been incarcerated since
that time.)

**Part II - Written Statement of Reasons for Detention - (continued)**

residence, employment or other grounding in the community, simply fails to rebut that
presumption.